UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHUNGHWA TELECOM GLOBAL, INC, <br><br> Plaintiff, <br><br> v. <br><br> MEDCOM, LLC, a Nevada Limited Liability company; QT TALK, INC., a Nevada Corporation; DAVID COOPER, an individual, <br><br> Defendants. | Case No. 5:13-cv-02104-HRL <br><br> **ORDER CONDITIONALLY GRANTING MOTIONS TO WITHDRAW** <br><br> Re: Dkt. Nos. 55, 58, 63 |

The law firms of Monteiro & Fishman and Lewis Brisbois Bisgaard & Smith LLP move for permission to withdraw as counsel of record for defendants. The court has received no objections to the motion, and briefing on this matter is closed. The motion is deemed suitable for determination without oral argument, and the December 27, 2016 hearing is vacated.[1] Civ. L.R. 71-(b). Upon consideration of the moving papers, the court conditionally grants the motions as follows:

"Counsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have

---

[1] Attorney Greenberg's request for a continuance or for leave to appear telephonically (Dkt. 63) is denied as moot.

1    appeared in the case." Civ. L.R. 11-5(a). "In the Northern District of California, the conduct of
2    counsel is governed by the standards of professional conduct required of members of the State Bar
3    of California, including the Rules of Professional Conduct of the State Bar of California." Hill
4    Design Group v. Wang, No. C04-521 JF (RS), 2006 WL 3591206 at *4 (N.D. Cal., Dec. 11, 2006)
5    (citing Elan Transdermal Limited v. Cygnus Therapeutic Systems, 809 F. Supp. 1383, 1387 (N.D.
6    Cal.1992)). Those standards provide that an attorney may seek permission to withdraw if, among
7    other things, the client's conduct renders it unreasonably difficult for the attorney to represent the
8    client effectively or if the client breaches an agreement or obligation with respect to the payment
9    of fees. Id. (citing Cal. Rules of Professional Conduct Rule 3-700(C)(1)(d),(f)).

10   Both firms say that defendants have failed to pay their legal fees, despite repeated requests, and that, despite numerous attempts at contact, defendants have failed to communicate with counsel. (Dkt. 56, Greenberg Decl. ¶¶ 5-6, 9; Dkt. 59, Fishman Decl. ¶¶ 4-6). The attorneys attest that they have given plaintiff and the defendants notice that they would seek leave to withdraw from representation. (Greenberg Decl. ¶¶ 7, 13-14; Fishman Decl. ¶¶ 7-8). And, the record shows that defendants have discharged both firms as their counsel in this case and have expressed that they no longer want either firm to represent them in this matter. (Greenberg Decl., ¶ 15 & attachment; Fishman Decl. ¶ 6 and attachment). As discussed, no one has filed an opposition to the requested withdrawal. Finding sufficient grounds for withdrawal, the court grants the motion, subject to the condition that papers may continue to be served on defense counsel for forwarding purposes, unless and until defendants appear by other counsel. Civ. L.R. 11-5(b) ("When withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se.").

**Defendants Medcom LLC and QT Talk, LLC[2] are advised that they may not appear pro se or through their corporate officers, but must retain new counsel forthwith to**

---

[2] QT Talk, LLC says that it erroneously was sued as "QT Talk, Inc."

2

**represent them in this lawsuit.** See Civ. L.R. 3-9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court"); see also Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel"); In Re Highley, 459 F.2d 554, 555 (9th Cir. 1972) ("A corporation can appear in a court proceeding only through an attorney at law"). **Medcom LLC and QT Talk LLC are further advised that they retain all of the obligations of a litigant, and their failure to appoint an attorney may lead to an order striking their pleadings or to entry of their default.**

The case management conference is re-set for **February 14, 2017, 1:30 p.m.**, Courtroom 2, Fifth Floor, United States District Court, 280 South First Street, San Jose, California. The parties' Joint Case Management Statement is due by **February 7, 2017**. All other related deadlines set in the Order Setting Initial Case Management Conference and ADR Deadlines (Dkt. 4) are adjusted accordingly.

SO ORDERED.

Dated:   December 14, 2016

HOWARD R. LLOYD
United States Magistrate Judge

5:13-cv-02104-HRL Notice has been electronically mailed to:

Chip Cox     chipc@gpsllp.com, ccalone@gpsllp.com

Helen Lee Greenberg     helen.greenberg@lewisbrisbois.com, carol.jensen@lewisbrisbois.com

Michael Fishman     MFishman@mflawny.com

Michael Steven Romeo     Michael.romeo@lewisbrisbois.com, amanda.hampton@lewisbrisbois.com, normajean.vincent@lewisbrisbois.com

Nelson Hsieh     nhsieh@gpsllp.com, ccalone@gpsllp.com

Yen Phi Chau     ychau@gpsllp.com, shigh@gpsllp.com